IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DIEN THANH NGO,** ) | |
| # A074521524, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:19-CV-976-B-BH |
| ) | |
| **J. JOHNSON,** ) | Referred to U.S. Magistrate Judge[1] |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the respondent's *Motion to Dismiss as Moot*, filed June 11, 2019 (doc. 9). Based on the relevant findings and applicable law, the motion should be **GRANTED**, and the petition for writ of habeas corpus under 28 U.S.C. § 2241, should be **DISMISSED** as moot.

**I. BACKGROUND**

Dien Thanh Ngo (Petitioner) is an alien under a final order of removal who was detained in the Prairieland Detention Center in Alvarado, Texas, on April 23, 2019, when his petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 was received. (*See* doc. 3.) He claimed that his continued detention beyond 180 days while awaiting removal was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there was no reason to believe that the government could obtain travel documents in order to deport him to Vietnam in the foreseeable future. (*Id.* at 2, 6-7.)[2] The only relief he requested in his petition was release on supervision pending deportation. (*Id.* at 8.)

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On June 11, 2019, the government moved to dismiss the petition as moot because Petitioner had been released on supervision on June 10, 2019, and it attached copies of the release notification and order of supervision showing that he was released on that date. (*See* docs. 9, 9-1.)  Petitioner did not respond to the motion.

## I. JURISDICTION

The respondent moves to dismiss the § 2241 petition under Rule 12(b)(1) for lack of subject matter jurisdiction, alleging that it is moot. (doc. 9 at 1.)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The district court may dismiss for lack of subject matter jurisdiction based on the petition alone, the petition supplemented by undisputed facts in the record; or the petition supplemented by undisputed facts plus the court's resolution of disputed facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The respondent has tendered copies of documents in support of its motion, and Petitioner has not responded or otherwise disputed the respondent's evidence.

**A.**     **"In Custody"**

The respondent first argues that Petitioner is no longer in custody because he has been released on supervision, so jurisdiction is lacking over his § 2241 petition. (doc. 9 at 1.)

Section 2241(a) provides district courts the power to grant a writ of habeas corpus. A § 2241 petition is the proper vehicle for a challenge to the legality and constitutionality of extended detention pending removal. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). An individual may seek habeas relief under § 2241 only if he is "in custody" under federal authority for a violation of federal law, or in violation of either federal law or the United States Constitution. *See* 28 U.S.C. § 2241(c). The "in custody" requirement is a jurisdictional prerequisite. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, but there must be some restraint on liberty. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004); *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). In the immigration context, a final deportation order subjects an alien to sufficient restraint for purposes of the "in custody" requirement. *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005); *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th 2003).

Because Petitioner is an alien subject to a final deportation order, he is "in custody" for purposes of § 2241 despite his release on supervision.

**B.      Mootness**

The respondent next argues that the § 2241 petition is moot because Petitioner has been released on supervision, which is all of the relief that he requested. (doc. 9 at 1.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v.*

3

*McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, Petitioner claimed that his continued detention beyond 180 days while awaiting removal was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there was no reason to believe that the government could obtain travel documents in order to deport him to Vietnam in the foreseeable future, and he sought to be released on supervision pending deportation.  In *Zadvydas*, the Supreme Court held that detention of alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future."  533 U.S. at 701.  It is undisputed that Petitioner has now been released on supervision, which is all of the relief he requested.

Although the Fifth Circuit Court of Appeals has not specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, other circuits have so found.  *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention);

*Nunes v. Decker*, 480 F. App'x 173, 174–75 (3rd Cir. 2012) (finding appeal moot where the petitioner's release during its pendency provided him the result he sought in his habeas petition and "forestalled any occasion for meaningful relief"); *Alvarez v. Conley*, 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered moot his appeal since his § 2241 petition only sought release from detention under *Zadvydas*). Districts courts in this circuit have likewise found that release moots a § 2241 petition challenging continued detention pending removal. *See Anh Nguyen v. Sessions*, No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) (finding that petitioner's release from custody left nothing for the court to remedy where he only challenged his continued detention); *Hechavarria v. Salinas*, No. 1:18-CV-00012, 2018 WL 1938040, at *2 (S.D. Tex. Mar. 13, 2018) (finding moot § 2241 petition challenging continued detention pending removal where petitioner had been released on supervision and had not identified any adverse collateral consequences that continued to restrict his liberty), *rec. adopted* 2018 WL 2013081 (SD. Tex. Apr. 30, 2018); *Singh v. Mukasey*, No. 3:08-CV-2162-O, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009) (finding moot § 2241 petition where only relief sought was release pending removal, and the petitioner had been released on supervision); *Caquias v. Dist. Dir. of Immigration and Customs Enforcement*, No. 3:08-CV-1808-D, 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2008) (same); *Arulov v. Bureau of Immigration and Customs Enforcement*, No. B-07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008) (finding moot § 2241 petition raising *Zadvydas* challenge to detention pending removal where petitioner had been released on supervision), *rec. adopted* by 2008 WL 11388558 (S.D. Tex. June 18, 2008).

Petitioner did not respond or dispute the respondent's evidence showing that he has been

5

released on conditions of supervision and is no longer detained pending his removal. His petition does not identify an adverse collateral consequences that continue to restrict his liberty. He has not challenged his conditions of release. It appears that he has now received all of the relief that he sought, so his § 2241 petition is moot and should be dismissed.

### III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

**SIGNED this 17th day of July, 2019.**

                                                            IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                            IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE